IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN JACOBS,** | : | CIVIL ACTION |
| *a/k/a Dorian Jacobs*, | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 22-CV-2861 |
| | : | |
| **DETECTIVE DONNA ZAMPIRI,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                NOVEMBER 8, 2022

Plaintiff Steven Jacobs, also known as Dorian Clark, a prisoner currently incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Currently, before the Court are Jacobs's Third Amended Complaint[1] (ECF No. 19), *Motions for Leave to Proceed In Forma Pauperis* (ECF Nos. 9, 13, & 17), and Prisoner Trust Fund Account Statements (ECF Nos. 14 & 18).  For the following reasons Jacobs leave to proceed *in forma pauperis* will be granted, and his Complaint dismiss in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1]     Jacobs initiated this action on July 18, 2022, by filing a *pro se* Complaint (ECF No. 1).  Several weeks later, on September 9, 2022, Jacobs submitted an Amended Complaint (ECF No. 10).  He subsequently submitted a Second Amended Complaint (ECF No. 11) on September 21, 2022, and then a Third Amended Complaint (ECF No. 19) on October 17, 2022.  Each of Jacobs's amended pleadings superseded the prior pleading, and the Third Amended Complaint – the most recently filed amended pleading – is the operative pleading in this case, which is subject to screening at this time.  *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

I.      **FACTUAL ALLEGATIONS**[2]

The allegations of Jacobs's Third Amended Complaint are exceptionally brief. Jacobs alleges that he has "been in jail since 10/3/2020" but "no one made a state ment [sic] to hold [him] in state custody[.]" (Third Am. Compl. at 5.)[3] Jacobs further asserts that he is "being held outside of the ordinary" procedures. (*Id.*) Jacobs specifically notes that Defendant Detective Donna Zampiri ("Zampiri") is the individual who failed to obtain the necessary statement to hold Jacobs in jail "under district control #2020-24-071099." (*Id.* at 4.) Zampiri, along with the City of Philadelphia, are the only Defendants Jacobs names in the Third Amended Complaint. (*Id.* at 2.) Jacobs alleges that his injuries are as follows: "unlawful restraint[,] unlawful use of force[,] deprivation of liberty[,] mental physical and emotional distress[,] unlawful labor[, and] involuntary servitude[.]" (*Id.* at 5.) He seeks $1,000,000,000, as well as "discharge" and "restoration of liberty freedom." (*Id.*)

Public dockets reflect that Jacobs was charged in a criminal proceeding in the Philadelphia Court of Common Pleas in 2021 arising from events that occurred on October 3, 2020. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia). Jacobs has been charged with several counts including: attempted murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person. *Id.* On March 19, 2021, Jacobs had a preliminary hearing in the Philadelphia Municipal Court on these charges. *See Commonwealth v. Jacobs*, MC-51-CR-0019068-2020 (M.C. Philadelphia). Jacobs is awaiting

---

[2]    The factual allegations set forth in this Memorandum are taken from Jacobs's Third Amended Complaint (ECF No. 19).

[3]    The Court adopts the pagination supplied to the Third Amended Complaint by the CM/ECF docketing system.

trial, which is currently set for November 17, 2022. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the Court will grant Jacobs leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, § 1915(e)(2)(B)(ii) requires the Court to dismiss the Third Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jacobs is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal

---

[4] However, as Jacobs is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

principle even when the complaint has failed to name it." *Id.* "'[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). However, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*).

## III.   DISCUSSION

Jacobs utilized the Court's form complaint for use by prisoners to assert civil rights violations to draft the Third Amended Complaint in this case.  (Third Am. Compl. at 1-8.) Accordingly, it appears that Jacobs brings this case pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The specific nature of the claims Jacobs seeks to bring in this action is unclear, but construing his claims liberally, the Court understands the Third Amended Complaint to assert violations of Jacobs's Fourth Amendment rights arising out of his October 3, 2020 arrest, his subsequent detention, or both.[5]  To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the

---

[5]   When asked to describe the nature of his injuries on the form complaint, Jacobs wrote the following: "unlawful restraint[,] unlawful use of force[,] deprivation of liberty[,] mental physical and emotional distress[,] unlawful labor[, and] involuntary servitude[.]" (Third Am. Compl. at 5.) This laundry list of various legal terms stands alone and is not tied to any supporting facts regarding Jacobs's potential claims, leaving the Court to speculate as to the precise nature of his claims.

4

arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti*, 71 F.3d at 483. To state a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the context of an arrest, generally depends on whether the detention was supported by probable cause. *James*, 700 F.3d at 682-83; *see also White v. Andrusiak*, 655 F. App'x 87, 90 (3d Cir. 2016) ("To make out either a false arrest or false imprisonment claim, [the plaintiff] needed to demonstrate that his arrest was unsupported by probable cause.").

While Jacobs asserts that he was held in jail since October 3, 2020, without an unspecified "statement" and that this is not ordinary, (*see* Third Am. Compl. at 4-5), he fails to allege facts to show plausibly that his arrest lacked probable cause and that his detention was unlawful. Rather, Jacobs asserts in conclusory terms only that he was unlawfully restrained and deprived of his liberty. (*Id.*) These conclusory assertions are insufficient, *see Iqbal*, 556 U.S. at 678, and do not support a plausible claim that his arrest and detention pending trial were without probable cause.[6] Accordingly, Jacobs's claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii)

---

[6] In drafting his Third Amended Complaint, Jacobs checked the boxes on the form indicating that he seeks bring both individual and official capacity claims against the City of Philadelphia and Zampiri. Jacobs does not appear to have understood the implication of checking either the individual or the official capacity box. With respect to the City of Philadelphia, a municipal entity, Jacobs cannot bring individual capacity claims. As to Zampiri, claims against municipal employees, such as a Philadelphia police detective named in her official capacity, are indistinguishable from claims against the governmental entity that employs the Defendant, here the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because Jacobs does not allege any facts to support an official capacity claim against the City of Philadelphia, *see Monell*, 436 U.S. at 694, the Court construes the Third Amended Complaint to assert a claim against Zampiri solely in her individual capacity. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)). Accordingly, Jacobs's official capacity claims against Zampiri will be dismissed for failure to state a claim. Similarly, Jacobs's claims against the City of Philadelphia will also be dismissed as he has not plead a basis for municipal liability against the City.

for failure to state a claim.  Jacobs will be granted leave to file a fourth amended complaint with respect to his Fourth Amendment claims against Zampiri in her individual capacity.[7] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jacobs leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Jacobs is granted leave to file a fourth amended complaint, to cure the deficiency noted, as set forth above, if he can.  An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.

---

[7] To the extent Jacobs seeks relief in the form of his "discharge" from prison and requests the restoration of his liberty and freedom, (Third Am. Comp. at 5), Jacobs cannot pursue his request for release in a civil rights action such as this one and, rather, must file a habeas petition if he seeks release on the basis that his confinement is unconstitutional.  *See generally* 28 U.S.C. § 2241.  Accordingly, Jacobs's claims seeking release from confinement will be dismissed.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").