IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN JACOBS,** : | | **CIVIL ACTION** |
| *a/k/a Dorian Jacobs*, : | | |
| *Plaintiff* : | | |
| : | | |
| **v.** : | | **NO. 22-CV-2861** |
| : | | |
| **DETECTIVE DONNA ZAMPIRI,** *et al.*, : | | |
| *Defendants* : | | |

**O R D E R**

**AND NOW**, this 8th day of November 2022, upon consideration of Plaintiff Steven Jacobs's *Motions for Leave to Proceed In Forma Pauperis* (ECF Nos. 9, 13, & 17), his Prisoner Trust Fund Account Statements (ECF Nos. 14 & 18), and his Third Amended Complaint (ECF No. 19), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Steven Jacobs, also known as Dorian Clark, #807486, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Jacobs's inmate account; or (b) the average monthly balance in Jacobs's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Jacobs's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to Jacobs's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Curran-Fromhold Correctional Facility.

4. The Third Amended Complaint is **DEEMED** filed.

5. The Third Amended Complaint is **DISMISSED**, **without prejudice**, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. Jacobs may file a fourth amended complaint within thirty (30) days of the date of this Order. Any fourth amended complaint must identify all defendants in the caption of the fourth amended complaint in addition to identifying them in the body of the fourth amended complaint and shall state the basis for Jacobs's claims against each defendant. The fourth amended complaint shall be a complete document that does not rely on the initial Complaint, prior amendments, or other papers filed in this case to state a claim. When drafting his fourth amended complaint, Jacobs should be mindful of the Court's reasons for dismissing the claims in his Third Amended Complaint as explained in the Court's Memorandum. Upon the filing of a fourth amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Jacobs a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jacobs may use this form to file his amended complaint if he chooses to do so.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

8. If Jacobs does not wish to amend his Third Amended Complaint and instead intends to stand on his Third Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Third Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Jacobs fails to file any response to this Order, the Court will conclude that Jacobs intends to stand on his Third Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

        **BY THE COURT:**

        /s/ *Nitza I. Quiñones Alejandro*
        **NITZA I. QUIÑONES ALEJANDRO**
        *Judge, United States District Court*