IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN JACOBS,** | : | **CIVIL ACTION** |
| *a/k/a Dorian Jacobs*, | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 22-CV-2861** |
| | : | |
| **DETECTIVE DONNA ZAMPIRI,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                              JANUARY 17, 2023

Plaintiff Steven Jacobs, also known as Dorian Clark, a prisoner currently incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. By Order dated November 8, 2022, the Court previously determined that Jacobs was not able to afford to pay the filing fee in this action and granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 24.)

Currently before the Court is Jacobs's Fourth Amended Complaint (ECF No. 26). For the following reasons, Jacob's Fourth Amended Complaint is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.  **FACTUAL ALLEGATIONS & PROCEDURAL HISTORY**[1]

By Memorandum and Order dated November 8, 2022, the Court screened Jacobs's Third Amended Complaint and dismissed all of his claims pursuant to § 1915(e)(2)(B)(ii). (*See* ECF Nos. 23 and 24.) The Court granted Jacobs leave to amend his claims against Defendant Detective

---

[1]     The factual allegations set forth in this Memorandum are taken from Jacobs's Fourth Amended Complaint (ECF No. 26).

Donna Zampiri.  Jacob filed his Fourth Amended Complaint on November 22, 2022.  The allegations of Jacobs's Fourth Amended Complaint are brief; *to wit*:  Jacobs alleges that at 2:00 a.m., on October 3, 2020 at the Tioga El platform, a Septa police officer placed him in handcuffs "with no facts, reason, or proof that a crime was com[m]itted" and "without having facts to support probable cause[.]"  (Fourth Am. Compl. at 4-5.)[2]  Jacobs asserts that a Philadelphia police officer then took him "to the 24[th] District under DC #20-24-071099 in which vague information by Donna Zampiri was giv[en.]"  (*Id.* at 5.)

Jacobs claims that neither Detective Donna Zampiri, the Philadelphia police, nor the Septa police officer "have facts to support affirmation, oath of probable cause."  (*Id.* at 4.)  Jacobs contends that his rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated and that he was deprived of probable cause and due process.  (*Id.* at 3-4.)  Based on these allegations, Jacobs names the following Defendants: (1) Detective Donna Zampiri of the Philadelphia Police Department; (2) John Doe Philadelphia Police Officer of the 24th District; (3) the City of Philadelphia;[3] and (4) John Doe Septa Police Officer.  (*Id.* at 2-3.)  All Defendants are sued solely in their official capacities.[4]  (*Id.*)  Jacobs claims that he suffers from

---

[2]     The Court adopts the pagination supplied to the Fourth Amended Complaint by the CM/ECF docketing system.

[3]     Under the designated area on his form complaint where Jacobs named the City of Philadelphia, he also wrote "and three John Doe Officers of District Control #20-24-07 1099." (*Id.* at 2.)  It is unclear if these are three additional John Doe Defendants or if this refers to previously named John Doe Defendants.

[4] In drafting his Fourth Amended Complaint, Jacobs checked the boxes on the form indicating that he is only bringing official capacity claims in this case.  In the November 8, 2022 Memorandum, the Court previously explained the implications of checking either the individual or the official capacity box.  As the Court noted, claims against the City of Philadelphia, a municipal entity, and claims against municipal employees named in their official capacities, such as Philadelphia police officers, are indistinguishable from claims against the governmental entity that employs them.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Because Jacobs again fails to allege any facts to support a basis for municipal liability against the City, *see Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978), Jacobs's claims against the City will be dismissed for failure to state a claim.  Similarly, Jacobs's official capacity claims against the

"emotional distress due to racial inequality" and that his medical treatment records will demonstrate that he had a wound behind his right ear which required stiches. (*Id.* at 5.) Jacobs seeks $1,000,000,000 for his unlawful arrest on October 3, 2020. (*Id.*) He also seeks "freedom from racial inequality" and "from the vague and uncertain cause the unreasonable seizure[.]"[5] (*Id.*)

As this Court has previously recognized, public dockets reflect that Jacobs was charged in a criminal proceeding in the Philadelphia Court of Common Pleas in 2021 arising from events that occurred on October 3, 2020. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia). Jacobs has been charged with several counts including: attempted murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person. *Id.* On March 19, 2021, Jacobs had a preliminary hearing in the Philadelphia Municipal Court on these charges. *See Commonwealth v. Jacobs*, MC-51-CR-0019068-2020, (M.C. Philadelphia), and is currently awaiting trial on these charges.[6] *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia).

**II.     STANDARD OF REVIEW**

The Court previously granted Jacobs leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court is required to dismiss the Fourth Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

---

remaining Defendants will also be dismissed. In light of his *pro se* status, the Court construes the Fourth Amended Complaint to assert claims against the remaining Defendants in their individual capacities.

[5]     As the Court explained in the November 8, 2022 Memorandum, Jacobs cannot pursue a request for release or dismissal of criminal charges by way of a civil rights action and must file a habeas petition to pursue such relief. *See generally* 28 U.S.C. § 2241. Jacobs filed a § 2241 petition on November 8, 2022 which is currently pending before Honorable Joel H. Slomsky. *See Jacobs v. Warden, et al.*, Civ. A. No. 22-4466. Additional claims regarding his freedom or his release should be addressed in that proceeding.

[6]     Jacobs criminal trial was previously set for November 17, 2022, but the public docket in that matter reflects that the November 17th trial was continued to January 11, 2023. At this time, however, it does not appear that the January 11, 2023 trial has commenced.

3

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jacobs is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* "'[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). However, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*).

## II.     DISCUSSION

Jacobs's Fourth Amended Complaint brings claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights arising from the events of October 3, 2020.[7]

---

[7]     Jacobs also claims that the actions of "three police officers" deprived him of due process under the Fourteenth Amendment. (Fourth Am. Compl. at 3-4.) Generally, claims challenging the legality of

4

(Fourth Am. Compl. at 3-5.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Jacobs claims that he was unlawfully arrested on October 3, 2020 in violation of his Fourth Amendment rights because he was placed in handcuffs and taken to District 24 without probable cause. (Fourth Am. Compl. at 3-5.) As this Court previously explained in the November 8, 2022 Memorandum, to state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002); *see also Orsatti*, 71 F.3d at 483 ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves

---

searches, seizures, and pretrial detention are properly raised under the Fourth Amendment. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." ); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."). In *Albright,* the Supreme Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273 (internal quotations omitted); *see also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all). Since the Fourth Amendment provides an explicit textual source for Jacobs's false arrest claim, that claim will be analyzed under that more specific provision and his Fourteenth Amendment claims will be dismissed.

to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.").

Jacobs's false arrest claim fails, however, because he has not alleged facts that would plausibly support his legal conclusion that probable cause was lacking for his arrest. Jacobs's allegations are vague and conclusory, and merely recite the elements of a false arrest claim, making them insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Although the Court must accept Jacobs's factual allegations as true, at this stage of the proceedings, the Court is not obligated to credit Jacobs's legal conclusions regarding the constitutionality his arrest on October 3, 2020. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (recognizing that the court need not credit a *pro se* litigant's "bald assertions" or "legal conclusions.") While Jacobs affirmatively alleges that he was arrested without probable cause, he does not describe *the facts and circumstances* surrounding his arrest in a manner that would support a conclusion that probable cause was lacking for any of the crimes for which he was arrested. Accordingly, Jacobs has not stated a plausible claim for false arrest and this claim will be dismissed pursuant to § 1915(e)(2)(B)(ii).[8] *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App' x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

---

[8] To the extent Jacobs's Fourth Amended Complaint could be liberally construed to assert claims for either false imprisonment or malicious prosecution, Jacobs has also failed to state a plausible claim under either legal theory as the absence of probable cause is an element for both claims. *See Berry v. Kabacinski*, 704 F. App'x 71, 73 (3d Cir. 2017).

The United States Court of Appeals for the Third Circuit has held that district courts should dismiss complaints with leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). In the November 8, 2022 Memorandum and Order, the Court granted Jacobs leave to amend his claims consistent with *Grayson*. Jacobs took advantage of that opportunity and filed this Fourth Amended Complaint. However, despite this additional opportunity to amend, Jacobs has not been able to cure the noted pleading deficiencies. Previously, Jacobs has attempted to amend the pleadings in this case on three separate occasions from the time he filed the original complaint until the screening of the Third Amended Complaint. (*See* ECF Nos. 1, 10, 11, and 19.) Based on his pleading history and his continued inability to cure the defects in his claims, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Jacobs's Fourth Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Jacobs will not be granted further leave to amend in this matter as it appears continued attempts to amend would be futile. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*